IN THE UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF ILLINOIS

**FILED**

| | |
|---|---|
| GARY A. LOTT,<br>    Petitioner/Movant,<br><br>v.<br><br>J.S. WALTON, WARDEN<br>U.S. PENITENTIARY-MARION,<br>    Respondent. | )<br>)<br>)<br>) Civ. No. 13-833-DRH<br>) (Habeas Corpus)<br>)<br>)<br>) |

SEP - 3 2013

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

\*\*\*   MOTION TO AMEND/COMPLEMENT PETITION   \*\*\*
UNDER HABEAS CORPUS, 28 U.S.C. §2241

COMES NOW, Gary A. Lott, pro se, to move the Honorable Court to Amend and Complement his Petition under §2241 (which claimed actual innocence of a mandatory-minimum life sentence, based upon facts not found by a jury beyond a reasonable doubt; and facts which, under <u>Alleyne</u> are "elements" requiring such proof). This Motion herein adopts all of the citations, facts, and arguments from Docket No. 1, but expands the level of review into "Watershed" country.

1

"Alleyne's Practical Application,
As A Watershed Rule"

Since McMillan v. Pennsylvania, 477 U.S. 79 (1986), State and Federal Courts have been sentencing defendants unconstitutionally. Think about it, thousands of defendants languish in prison under sentences that today are unconstitutional. Why? Because for 27 years the American jury was deprived of its constitutional function.

Under Alleyne, a prosecutor cannot urge the court to sentence the defendant for "facts-as-elements" for which the defendant was never charged (such as drug amounts in the instant case). The same goes for never proving these now-elements beyond a reasonable doubt. A fundamental premise of our constitution is that it is not what one "really" does that can be punished, but only that conduct which is proved at trial beyond a reasonable doubt.

In Alleyne v. United States, 133 S. Ct. 2151 (2013), the Supreme Court dropped the biggest bombshell on criminal procedural law -- a "Watershed Rule" -- since Gideon v. Wainwright, 372 U.S. 335 (1963). A "Watershed Rule" in criminal procedure implicates "the fundamental fairness and accuracy of the criminal proceeding." (The "Watershed" of Gideon established that the accused has the right to have representation by counsel in all criminal trials for "serious offenses").

The primary motive for calling Alleyne worthy of "Watershed" status has its roots in McMillan.

* <u>McMillan</u> (1986) held: "an increase in the mandatory minimum based on judicial fact-finding did not run afoul of the Due Process Clause." In <u>United States v. Henderson</u>, 105 F.Fupp.2d 523, the court noted "the Supreme Court's watershed decision in <u>McMillan</u> dramatically narrowed the broad historical view of offenses." <u>Idem</u> at 530. Courts minted a new term called "sentencing factor," referring to those facts that need not be found by a jury, but that may be determined by a judge in determining a sentence within a mandatory range, such as Petitioner Lott was subject to.

* <u>Alleyne</u> (2013) held: "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."

That which undoes a watershed rule, is itself a "Watershed" rule, in the sense that "like dissolves like," and from logic, you cannot have an effect that is greater than the cause, so if something can be dissolved, it is not one, but held together by a force only as strong as that which can dissolve it, i.e. the opposite "Watershed Rule." <u>McMillan</u> "upside down" is still a Watershed Rule.

The historic "relationship between crime and punishment" compels that any fact which by law increases the range of punishment to which a criminal defendant is exposed is an element of a new offense, a "distinct and aggravated crime." These elements are entitled the full constitutional protection of the Sixth Amendment "in conjuction with due process." Thus, use of the term "sentencing factor" to describe a fact which alters a legally prescribed

3

range, is a legal misnomer.

The Alleyne decision, while certainly buttressing Apprendi, does not require Apprendi's support, as the constitution itself will suffer nothing less than the Alleyne Rule. That is to say, Alleyne stands wholly and solidly on its own, embedded into the rights of the accused as codified in the Sixth Amendment. Thus, Alleyne represents a watershed rule of constituional law on par with In re Winship, and Gideon v. Wainwright.

Although many federal criminal defendants since McMillan was decided in 1986 have been denied this right, it remains a right nonetheless. Accordingly, Alleyne must be given full retroactive effect to cases on collateral review (as outlined in Petitioner Lott's Habeas Docket No. 1, under Teague/Tenth Circuit/Seventh Circuit Law), and be treated as a "Watershed Rule."

Failure to observe the Alleyne Rule carries a substantial risk that one accused will be either wrongly convicted, or (like Mr. Lott), subjected to a sentence of which he is actually innocent. This erodes the public's confidence in the justice system, and imperils the system's integrity. Under these circumstances, the interest in finality must yield.

Although the issue came up in a federal firearm prosecution, the Alleyne decision will affect any case in which legislatures provided enhanced minimum penalties based on certain facts, such as drug quantity. More imporantly, the legal principles of Alleyne are significant because Mr. Lott is actually innocent of the

4

"aggravated" drug conspiracy crime. (See <u>Mullaney v. Wilbar</u>, 421 U.S. 697, 698 (1975)(Citing <u>Winship</u>) (Where the Supreme Court made clear that due process and associated jury protections may extend "to determinations that [go] not to a defendant's guilt or innocence, but simply to the length of his sentence").

8/30/2013
Date Executed

(s) *Gary A. Lott*
Gary A. Lott, pro se
Fed. Reg. No.
P.O. Box 1000
Marion, IL  62959

Deposited this day under Prison Mailbox Rule
Under 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

CERTIFICATE OF SERVICE

On this day, by institutional intra-mail, a copy of this Motion has been served on the Respondent, J.S. Walton, Warden, U.S. Penitentiary-Marion, Marion, IL  62959.