IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY ALLEN LOTT, ) | |
| No. 14256-064, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | CIVIL NO.  13-cv-00833-DRH |
| ) | |
| J.S. WALTON, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Gary Allen Lott is currently in the custody of the United States Bureau of Prisons, and is housed at the United States Penitentiary in Marion, Illinois.  Lott is before the Court pursuant to 28 U.S.C. § 2241 seeking resentencing (Doc. 1).  Put succinctly, Lott is arguing that, because a jury did not make a finding regarding the amount of drugs he was involved with, his life sentence amounts to a miscarriage of justice that can only be addressed via Section 2241, as opposed to 28 U.S.C. § 2255, which is the general mechanism used to challenge the validity of a conviction and sentence.  *See Brown v. Rios*, 696 F.3d 638, 640 (7th Cir.2012); *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000).

In 1999, Lott was convicted in the United States District court for the Western District of Oklahoma of multiple charges stemming from a conspiracy to manufacture and distribute methamphetamine: Count 1, conspiracy to

Page **1** of **5**

manufacture and distribute methamphetamine; Counts 6-8, maintaining a residence to manufacture methamphetamine; Count 10, possession of a listed chemical with intent to manufacture methamphetamine; Count 11, attempt to manufacture methamphetamine; and Count 12, unlawful use of a firearm in relation to a drug trafficking crime. *United States v. Lott*, No. 99-cr-30 (W.D. Okla. April 7, 2000). Lott was sentenced in 2000 to life imprisonment on Counts 1 and 11, concurrent terms of imprisonment of 240 months on each of Counts 6-8 and 10, and a consecutive term of imprisonment of 60 months on Count 12. *Id.*

On direct appeal Lott's convictions and sentences were all affirmed and *certiorari* was denied on April 21, 2003. *United States v. Lott*, 310 F.3d 1231, 1235 (10th Cir. 2002), *cert. denied*, 538 U.S. 991 (2003). A 2004 motion to vacate his convictions and sentences pursuant to 28 U.S.C. § 2255 was denied. *United States v. Lott*, No. 04-cv-511 (W.D. Okla. April 30, 2007). The Court of Appeals for the Tenth Circuit subsequently denied Lott a certificate of appealability and his appeal was dismissed on March 26, 2008. *United States v. Lott*, 07-6125 (10th Cir. March 26, 2008).

Lott's Section 2241 habeas corpus petition rests upon a recent Supreme Court decision, *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (June 17, 2013). *Alleyne* holds that, because mandatory minimum sentences increase the penalty for a crime, any fact that increases the mandatory minimum is an "element" of the crime that must be submitted to the jury. In essence, petitioner argues that a mandatory minimum sentence was belatedly imposed by the

sentencing judge, not a jury, in violation of *Alleyne* and his constitutional rights to due process and trial by jury.

By motion filed September 3, 2013, Lott seeks to "amend/complement" his petition (Doc. 5). A review of the motion reveals that all Lott is attempting to do is to supplement arguments already presented in his petition. Therefore, his motion (Doc. 5) is **GRANTED IN PART AND DENIED IN PART**, in that the motion (Doc. 5) will be construed as a memorandum in support of the petition.

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

The recent Seventh Circuit decision in *Brown v. Caraway*, 719 F.3d 583 (7th Cir. May 10, 2013), created a split between the circuits, bucking the majority opinion that Section 2241 cannot be used to contest the length of a sentence (as opposed to the validity of conviction) when a later Supreme Court decision shows the sentence was erroneous, at least when the sentence was imposed prior to *United States v. Booker*, 543 U.S. 220 (2005) (holding the U.S. Sentencing Guidelines are not mandatory). Lott presents just such a scenario. However, the matter is more complicated and Lott may actually be fighting an uphill battle.

*Alleyne* was decided based on constitutional principles and did create a new rule of constitutional law, but it was not made retroactive by the Supreme Court.  *See Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. July 10, 2013).  However, there is no precedent addressing both *Alleyne* and *Brown v. Caraway*—neither of which was unanimous.  Chief Circuit Judge Easterbrook has questioned the soundness of *Brown v. Caraway* (*see* 719 F.3d at 596-601), just as there were varying and dissenting opinions in *Alleyne* (*see* 13 S.Ct. at 2164-2173).

For the reasons stated, there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate.  Therefore, Respondent Walton will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service upon Respondent.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Signed this 26th day of September, 2013.**

Digitally signed by David R. Herndon
Date: 2013.09.26 15:00:10 -05'00'

**Chief Judge**
**United States District Court**