UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

FILED
NOV 14 2013
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

GARY ALLEN LOTT,                )
    Petitioner/Movant,      )
                                )
v.                              ) Civ. No. 13-833-DRH
                                )
J.S. WALTON, WARDEN             )
U.S. PENITENTIARY-MARION,       )
    Respondent.             )

*** MOTION FOR LEAVE TO FILE TRAVERSE ***

**COMES NOW**, Gary A. Lott, pro se, to move the Honorable Court to accept this traverse in his current habeas corpus case, and states as follows:

1. Under 28 U.S.C. § 2248, unless traversed, the allegations of a return to the writ of habeas corpus shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.

2. The Respondent filed a Return/Answer to the instant petition under habeas corpus, on October 22, 2013. This traverse, if accepted by the Court, addresses that filing (Doc. 10) § 2248.

3. For the reasons outlined herein -- Respondent mis-used the gateway standard, mis-quoting the controlling case law of In re Davenport, 147 F.3d 605 (7th Cir. 1998) -- Mr. Lott is not barred by the appropriately applied hurdles, and he should be allowed to proceed to relief under habeas corpus.

## DISCUSSION

To hear the Respondent tell it, Alleyne v. United States, 133 S.Ct 2151 (2013), is both a "constitutional case" as well as a "procedural rule." Openly quoting dicta from a case denying a second or successive § 2255, and not a § 2241, there is an unabashed smattering of whatever could be found on the internet about Alleyne, with no real analysis. See Doc. 10 at 5-6.

The loudest hollow-ring, of course, comes from the complete **omission** in the Reply of McMillan v. Pennsylvania, 477 U.S. 79 (1986), a case which the actual justices of the Supreme Court reference quite a bit in talking about why Harris v. United States, 536 U.S. 545 (2002) and Apprendi v. New Jersey, 530 U.S. 466 (2000) were so fundamentally "irreconcilable." Alleyne, 536 U.S. at 609.

The government makes strong overture to cast Alleyne in a synonymous light with Apprendi. But that is a myopic view of what the Supreme Court actually did. They saw McMillan -- a mandatory minimum case to begin with -- as the cause of the heartache between Apprendi and Harris (aggravated maximum and "sentencing factors" carried through McMillan). The plurality opinion of Alleyne actually cast the death knell to McMillan, where McMillan was merely weakened by Apprendi. (Alleyne, Syllabus for Parts II and III-A, at 1).

The Supreme Court further added: "Following McMillan's introduction of this term [sentencing factor], this Court has made a number of efforts to delimit its boundaries." (Opinion of the Court, Thomas, J. at II(A)). Delimiting McMillan's boundaries and completely annihilating McMillan are different -- and McMillan was a watershed

decision. See United States v. Henderson, 105 F.Supp.2d 523.

Further, Alleyne is distinguished from Apprendi because like its opposite McMillan, Alleyne dealt squarely with a mandatory minimum issue; **twice** McMillan **noted** that a mandatory minimum "ups the ante" for a ciminal defendant. McMillan, 477 U.S. at 88, 89.

The plurality opinion of Alleyne overturns McMillan in effect, on explaing why Harris **and** McMillan were "wrongly decided." Sotomayor, J., concurring.

## "COMING TO TERMS"

McMillan -- a watershed rule -- dealt specifically with a **"constitutional challenge"** that increased a defendant's minimum sentence based on judicial factfinding. As was previously presented in Mr. Lott's original Petition (Doc. 1, et seq.), McMillan relied on a distinction between "elements" and "sentencing factors." 477 US. at 86.

Prior to the Supreme Court ruling in Alleyne, Petitioner Lott's argument was foreclosed by binding precedent.

### "Alleyne Is Not Apprendi"

But even if it were, the government cites to Curtis v. United, 294 F.3d 841 (7th Cir. 2002), an out-dated precedent that said Apprendi had no watershed aspects. But in 2009 it did. See United

States v. Kieger, 628 F.3d 857 (7th Cir. 2009), calling it "the watershed case of Apprendi." Funny, that.

Lott can bring a § 2241 petition because the government mischaracterizes the 3-part Davenport test to deterimine if second or successive § 2255 is inadequate or ineffective.

**(1)** The change in law, unavailable to Petitioner during his first § 2255, must be a of a retroactive type (such as outlined in a Teague v. Lane analysis, because a watershed ruling is retroactive, according to the Supreme Court). A mandatory aggravated minimum -- changed by the watershed rule of Alleyne overturning the watershed rule of McMillan -- is a mandatory minimum for which Lott is actually innocent. His Teague retroactivity is inadequate to address in a second or successive § 2255.

As Chief Judge Posner noted in the Davenport decision:

"If there is a constitutional entitlement to a reasonable procedure for correcting fundamental legal errors in the criminal process, then section 2255 interpreted as narrowly as the government would have us do has denied [that] entitlement... A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction [e.g. under Alleyne], of a fundamental defect in his conviction **or sentence** because the law changed after his first 2255 motion."

**(2)** The change in law must elude the permission under (second or successive) 2255 filings. It does.

4

(3) The change in law is not to be equated with a difference between circuits. <u>Alleyne</u> makes it illegal now -- as it was prior to <u>McMillan</u>, in every circuit for the government to charge facts as elements under the preponderance standard by a judge, instead of the reasonable doubt standard by a jury. There appears to be no circuit split on this issue.

Because Mr. Lott is not barred by any of the Davenport hurdles, he should proceed to relief under habeas corpus, § 2241.

The Respondent is reminded at this point that it took two years for the retroactivity analysis of <u>Begay v. United States</u>, 553 U.S. 137 (2008), to be made retroactive through <u>Welch v. United States</u>, 604 F.3d 408 (7th Cir. 2010). Simply because a watershed rule like <u>Alleyne</u> has not yet -- but should now -- be applied to those limited number of defedants who went to trial pre-Booker, in no way implies that the court here should -- as the government here suggests -- start shouting at the acorn sprout to not grow into a full-grown oak.

<u>McMillan</u> -- as the Supreme Court made clear in <u>Alleyne</u> -- was a runaway train that has met it's stopping force. As such the court ought to have no qualms in law or common sense about following the principles Petitioner puts forth herein.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARY ALLEN LOTT,<br>    Petitioner/Movant,<br><br>v.<br><br>J.S. WALTON, WARDEN,<br>U.S. PENITENTIARY-MARION,<br>    Respondent. | )<br>)<br>)<br>) Civ.No. 13-833-DRH<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

On this day, by U.S. Postal Service, pre-paid first-class, a copy of this Motion For Leave To File Traverse was hereby sent to the following:

SAUSA Neal C. Hong
Nine Executive Drive
Fairview Heights, IL 62208

11/13/2013
Date Executed

(s) Gary A. Lott
Gary A. Lott
14256-064
P.O. Box 1000
Marion, IL 62959

I declare under penalty of perjury pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

Deposited this day under prison mailbox rule.