IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARY ALLEN LOTT,** | ) |
| | ) |
|          **Petitioner,** | ) |
| | ) |
| vs. | )  Civil No.  13-cv-833-CJP[1] |
| | ) |
| **J. S. WALTON** | ) |
| | ) |
|          **Respondent.** | ) |

## MEMORANDUM and ORDER

**PROUD, Magistrate Judge:**

Gary Allen Lott filed a petition for writ of habeas corpus under 28 U.S.C. §2241. (Doc. 1). In 1999, a jury in the Western District of Oklahoma convicted him of a number of crimes in connection with a conspiracy to manufacture and distribute methamphetamine. He was sentenced to two concurrent life terms, along with some lesser sentences. ***U.S. v. Lott*, 310 F.3d 1231, 1237 (10th Cir. 2002)(direct appeal).**

Relying on ***Alleyne v. United States*, 133 S.Ct. 2151 (2013)**, Lott argues that his "mandatory-minimum life sentence" was improper because the jury did not make factual findings as to drug amounts or any other mandatory-minimum triggering facts. Doc. 1, p. 1. Respondent argues that ***Alleyne*** does not serve to permit Lott to bring a §2241 petition.

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c). See, Doc. 16.

**Relevant Facts**

Gary Allen Lott was indicted along with his brother and other relatives on charges arising out of "a methamphetamine manufacturing and distribution operation operated out of three residences in the Oklahoma City area" ***Lott*, 310 F.3d at 1235**. In Count 1, petitioner was charged with conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Counts 6, 7, and 8 charged him with maintaining a residence for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856(a)(1). Count 10 charged him with possession of listed chemicals with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(d)(1). Count 11 charged him with attempting to manufacture methamphetamine in violation of 21 U.S.C. § 846. Count 12 charged him with knowingly carrying and possessing a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §924(c)(1). Lott was convicted on all counts. He was sentenced to concurrent life sentences on Counts 1 and 11 under 21 U.S.C. §841(b)(1)(A) based on the judge's findings as to drug amounts. He was also sentenced to 240 months each on Counts 6,7,8 and 10, to run concurrently to his life terms, and to 60 months on Count 12, to be served consecutively. ***Lott*, 310 F.3d at 1237**.

On direct appeal, among other claims, he argued that his life sentences on Counts 1 and 11 violated ***Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000)**. The Tenth Circuit conducted a plain error review of whether it was erroneous to sentence Lott under §841(b)(1)(A). The government conceded that "imposing

sentences in excess of twenty years on counts where drug quantity was omitted from the indictment (Count 11) or where the jury was not instructed that it must find drug quantity beyond a reasonable doubt (Counts 1, 2, 3, 4, and 11) constitutes 'error' that is 'plain.'"  However, the Tenth Circuit found that the error was not prejudicial "because [his] total length of imprisonment would not have been shorter even if [he] were properly sentenced under § 841(b)(1)(C), due to the mandatory 'stacking' requirement of § 5G1.2(d) of the United States Sentencing Guidelines."  **Lott, 310 F.3d at 1241-1242.**

Lott filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255 in the Western District of Oklahoma, raising various claims of ineffective assistance of counsel.  His request for a certificate of appealability was denied.  **U.S. v. Lott, 271 Fed.Appx. 728 (10th Cir. 2008).**

There is no indication in the record that Lott sought leave to file a second or successive §2255 motion pursuant to 28 U.S.C. §2255(h).

## Applicable Legal Standards

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence.  See, **Valona v. United States, 138 F.3d 693, 694 (7th Cir.1998).**

A federally convicted person may challenge his conviction and sentence by bringing a motion pursuant to 28 U.S. C. §2255 in the court which sentenced him.  Indeed, a §2255 motion is ordinarily the "exclusive means for a federal

3

prisoner to attack his conviction." **Kramer v. Olson, 347 F.3d 214, 217 (7th Cir. 2003**). The statute limits a prisoner to one challenge of his conviction and sentence under §2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under §2241. 28 U.S.C. §2255(e) contains a "savings clause" which authorizes a federal prisoner to file a §2241 petition where the remedy under §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). See, **United States v. Prevatte, 300 F.3d 792, 798–99 (7th Cir.2002**). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." **In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)**

The Seventh Circuit has explained that, in order to fit within the savings clause following **Davenport,** a petitioner must meet three conditions. First, he must show that he relies on a statutory interpretation case rather than a

4

constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first §2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. **Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013).** See also, **Brown v. Rios, 696 F3d 638, 640 (7th Cir. 2012).**

## Analysis

The Court first notes that Lott characterizes his life sentences as "mandatory-minimum." This is incorrect. Lott was sentenced under 21 U.S.C. §841(b)(1)(A), which authorizes a term of 10 years to life imprisonment. **Lott, 310 F.3d at 1239.** Arguably**, Alleyne** has no impact on his sentence and the claim he is making here is simply a restatement of his previously-rejected **Apprendi** claim. This Court need not make that determination, however, as it is clear that Lott's petition does not fit within the savings clause of §2255(e) and must be dismissed.

As respondent correctly argues, **Alleyne** is not a statutory interpretation case. Rather, it is a constitutional case. "**Alleyne** establishes a new rule of constitutional law." **Simpson v. U.S., 721 F.3d 875, 876 (7th Cir. 2013)**,

**Alleyne** is an extension of **Apprendi v. New Jersey, 120 S. Ct. 2348 (2000).** Both **Apprendi** and **Alleyne** were decided on constitutional principles, i.e., the Sixth Amendment right to trial by jury and the Fourteenth Amendment right to due process. **Apprendi, 120 S. Ct. at 2355-2356; Alleyne, 133 S. Ct.**

5

**at 2156.** The cases are not based on statutory construction.

Because ***Alleyne*** is a constitutional case, not a statutory interpretation case, Lott does not meet the first of the ***Davenport*** requirements and he cannot bring his claim in a petition under §2241. "Because Congress may have overlooked the possibility that new and retroactive statutory decisions could support collateral review, we held in *Davenport* that for this small class of situations § 2255 is 'inadequate or ineffective to test the legality of [the] detention.'" ***Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)**. See also, ***Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013)(" First, the prisoner must show that he relies on a 'statutory-interpretation case,' rather than a 'constitutional case.'")**

Respondent also argues that ***Alleyne*** does not apply retroactively to cases on collateral review. Respondent cites ***Simpson v. U.S.*, 721 F.3d 875 (7th Cir. 2013)**, for the proposition that ***Alleyne*** has not been made retroactive by the Supreme Court, correctly noting that ***Simpson*** was decided in the context of a request for leave to file a successive §2255 motion under 2255(h)(2). ***Simpson*, 721 F.3d at 876.** ***Alleyne*** is an extension of ***Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000)**, and the Supreme Court has not applied other rules based on *Apprendi* retroactively to cases on collateral review. ***Simpson*, 721 F.3d at 876.**

For purposes of a ***Davenport*** analysis, it is questionable whether the declaration of retroactivity must be made by the Supreme Court. ***Davenport*** said that it did. ***Davenport*, 147 F.3d at 611.** However, the Seventh Circuit has

6

backed away from that statement somewhat. In *U.S. v. Prevatte*, 300 F.3d 792 (7th Cir. 2002), the Court explained that the scope of the requirement of a Supreme Court declaration of retroactivity is uncertain:

> Even in this circuit, the scope of this requirement is uncertain; in other circuits, statutory cases such as this one have been treated as not involving a retroactivity issue. Rather, the courts have taken the view that a decision of the Supreme Court that gives a federal criminal statute a narrower reading than it previously had been given necessarily raises the possibility that an individual previously convicted under the broader reading now stands convicted of activity that Congress never intended to make criminal.

*Prevatte*, 300 F.3d at 800-801.

The Court has considered Lott's reply, Doc. 12, in which he argues that *Alleyne* is a watershed ruling that should be applied retroactively. In this case, however, it is not necessary to undertake the retroactivity analysis. Lott's insurmountable problem is that *Alleyne* is not a statutory construction case. Lott can only challenge his sentence in a §2241 petition if he can meet the *Davenport* requirements, and the first requirement is reliance on a statutory construction case. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

## Conclusion

Lott does not meet the *Davenport* criteria for challenging his sentence via §2241. Therefore, his §2241 petition is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

**DATE: January 3, 2014.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**